UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAMS DE JESUS LORA VASQUEZ, LAURA GOMEZ and RONALD ANDRES HERNANDEZ COBOS,

Plaintiffs,

-against-

WATTS 100 INC. and JOHN DOE,

Defendants.

26-cv-10086 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

On November 17, 2026, Watts 100 Inc. ("Watts") filed a petition for removal with this Court. Dkt. 1. But that petition contains several defects.

First, Watts removed this case arguing that it has a "good faith basis to believe the matter in controversy in this action exceeds the sum or value of $75,000.00." Dkt. 1 at 2–3. Watts did not, however, "request a supplemental demand setting forth the total damages" from plaintiffs pursuant to New York Civil Practice Law & Rules § 3017(c). And while the complaint alleges that plaintiffs suffered "grave protracted personal injury," incurred "hospital expenses," and seek monetary damages "in excess of the monetary jurisdictional limits" of lower state courts (which appears to be $25,000, per Article 6, Section 11(a) of the New York State Constitution), *see* Dkt. 1 at 12, it is not necessarily the case that the notice of removal includes "a plausible allegation that the amount in controversy exceeds" $75,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see, e.g.*, *Gerena v. A & J Sossou LLC*, 2025 WL 3763817, at *2 (S.D.N.Y. Dec. 30, 2025) (expressing "serious doubts" in similar case); *Bailey v. Ritz-Carlton Hotel Co., LLC*, 2026 WL 2858819, at *2 (S.D.N.Y. Sept. 23, 2026) (remanding similar case).

Second, Watts states that the notice of removal was "filed within thirty (30) days of first notice of the lawsuit." *Id.* at 3. The notice of removal, however, does not say when defendants first received notice. Indeed, the only date provided is that the suit was filed on October 7, 2026, which was 40 days before the notice of removal was filed on November 16, 2026. *Id.* at 3, 23–24. That said, it's also true that the Second Circuit has held that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam). So any defect here may depend on Watt's response to the first highlighted issue.

Finally, although this may not be a problem if the now-identified John Doe defendant hasn't been served, only Watts petitioned to remove the case. *See Wilmington Tr., Nat'l Ass'n v. Pearson*, 2018 WL 3918182, at *2 (S.D.N.Y. Aug. 16, 2018) (detailing the "rule of unanimity" and the recognized exceptions to it).

Accordingly, Watt is hereby ORDERED to file a letter, **in the form of a letter-motion**, on or before **November 25, 2026**, that indicates:

(1) When it was served with the pleadings;

(2) On what basis it believes this case meets the amount in controversy requirement (accompanied by the best cases to support that argument);

(3) When and how it received notice that the amount in controversy exceeds $75,000;

(4) Whether John Doe (Kevin Gates) was served.

SO ORDERED.

Dated: November 19, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge